**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

_____

| | | |
|---|---|---|
| P. JONATHAN MEYER, et al. | ) | |
| | ) | |
|     Plaintiffs/Counter-Defendants, jointly and | ) | **Case No. 2:18-cv-00218** |
|     severally with Third-Party Defendants, | ) | |
| | ) | Hon. George C. Smith |
| v. | ) | Mag. Kimberly A. Jolson |
| | ) | |
| BANK OF AMERICA, N.A. | ) | |
| | ) | |
|     Defendant/Counter-Plaintiff /Third-Party | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANBERY ENGLISH VILLAGE, LP, et al. | ) | |
| | ) | |
|     Third-Party Defendants, jointly and severally with | ) | |
|     Counter-Defendants. | ) | |
| | ) | |

_____

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), Plaintiffs/Counter-Defendants P. Jonathan Meyer, Mark Pottschmidt and Raymond Brunt ("Plaintiffs"), Defendant/Counter-Plaintiff Bank of America ("BoA"), and Third-Party Defendants Stanbery English Village, LP, The Shoppes at Union Hill, LLC, and Stanbery Harrisburg, LP ("Third-Party Defendants"), collectively referred to as "the Parties," agree that all discovery and filings with the Court containing Confidential Information in this action shall be subject to the terms of this Order:

**A.     NATURE OF INFORMATION AND MATERIALS PROTECTED**

1.     *Applicability*. Parties and non-parties may, pursuant to the terms of this Order, designate as confidential certain information qualifying as Confidential Information that is

1

produced in discovery (including confidential portions of depositions, documents produced, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure).

2.　　*Confidential Information of Non-Parties*. The term "producing party" encompasses not only the Parties to this action but also non-parties who may disclose or produce information, *e.g.*, in response to a subpoena.

3.　　*Confidential Information* is information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, which is designated as Confidential Information by the producing party, which is considered by the producing party in good faith to contain, reflect, or comment upon trade secrets, or non-publicly available information that is proprietary, financial, private, or personal in nature, or that is sensitive commercial information.

4.　　*Exceptions to Confidential Status*. Information will not be deemed confidential, and the Parties shall use reasonable efforts to ensure that information is not designated as such, if the content or substance thereof:

(a)　　is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise;　　or

(b)　　is disclosed to the receiving party by a non-party without breach of an obligation of confidence to the producing party.

5.　　[Reserved]

6. Information designated as "CONFIDENTIAL" and information derived therefrom shall be used only by the receiving party solely for the purpose of the prosecution or defense of this matter or in this case and only in accordance with the terms of this Order. Under no circumstances may information designated as "CONFIDENTIAL" be used for any competitive purpose.

7. Nothing in this Order shall bar or otherwise restrict counsel for the Parties named herein from rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of Confidential Information to any person not entitled to have access to it.

**B.      RESTRICTIONS ON ACCESS TO CONFIDENTIAL INFORMATION**

1. Information designated as "CONFIDENTIAL" shall be maintained in confidence by counsel of record for the party to whom such information is produced or given and shall not be disclosed to any other person in this litigation or in any subsequent litigation except:

(a)   The Parties to this action, which in the case of corporate parties shall include those officers, directors, in-house counsel, and employees of the corporate parties deemed reasonably necessary to aid counsel in the prosecution or defense of this action, who shall be required to abide by this Order.

(b)   Outside counsel representing a named party in this action and their paralegal, clerical and secretarial staff who shall be required to abide by this Order.

(c)   Any witness testifying in this action, pursuant to the terms of this Order.

(d)     Non-party expert witnesses or consultants engaged by counsel of record to a party to assist such counsel in the prosecution or defense of this action, in the manner set forth in paragraph B(2) below.

(e)     Court reporters, who shall be required to abide by this Order.

(f)     The Court and its support personnel, pursuant to the provisions set forth herein or as otherwise ordered by the Court.

2.     No information designated a "CONFIDENTIAL" shall be made available to any non-party witnesses under subsections (c) or those listed under (d) of paragraph B(1) above, unless, prior to disclosure, such person first acknowledges in writing that he or she has read this Order and agrees to be bound by its terms by executing the Agreement attached hereto as Exhibit A. Counsel obtaining such Agreements shall retain them and make them available to counsel for the other Parties at the conclusion of this lawsuit or upon request.

3.     [Reserved]

4.     *Confidential Information of Non-parties*. In the event that a party seeks discovery from a non-party to this action, the non-party may invoke the terms of this order in writing to all Parties to the action with respect to any confidential information to be provided to the requesting party by the non-party.

5.     *Disclosure to Certain Persons Associated with Producing Party*. Nothing in this order shall preclude any party to the lawsuit or its attorneys from showing a document designated as "CONFIDENTIAL" to an individual listed in B(1) above or that is employed by the producing party who prepared or reviewed or received the document prior to the filing of this action.

6. *No Waiver of Right or Obligation to Object to Production*. Nothing contained in this Order shall be construed as a waiver by any party of its right to object to the subject matter of any request for production of documents in this action, nor as a waiver by any other party of the first party's obligation to make proper response to discovery requests. The entry of this Order shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

7. *Requests for Additional Protection*. This Order shall be without prejudice to the right of the parties to request additional protection under Fed. R. Civ. P. 26(c) for discovery requests made hereafter by any party.

## C. DESIGNATION AND LABELING OF CONFIDENTIAL INFORMATION

1. *Designation of Documents*. Information may be designated as "CONFIDENTIAL by stamping or writing such on the document.

2. *Designation of Other Disclosures*. Information being designated as "CONFIDENTIAL" that is not documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the producing party in a writing provided to the receiving party at the time of production or as provided in paragraph C(5) below.

3. *Challenges to "CONFIDENTIAL" Designations*. A party shall challenge the propriety of a designation of information as protected within forty-five (45) days of receiving the documents from the producing party. If any party to the action disagrees with such a designation, that party shall provide to the producing party written notice of such disagreement. The Parties shall first try to resolve such dispute in good faith on an informal basis. If the Parties cannot

resolve the dispute, the party challenging the designation may seek by motion appropriate relief from the Court. Upon such motion, the information subject to challenge shall nonetheless be treated in accordance its designation as "CONFIDENTIAL" and shall remain subject to the provisions of this Order until otherwise determined by the Court or specifically identified and agreed to by the Parties in writing. The burden of proving that the information has been properly designated as "CONFIDENTIAL" is on the party making such designation.

5. *Designation of and Procedure for Deposition Testimony*. The following procedures shall be followed if "CONFIDENTIAL" information of a producing party is discussed or disclosed in a deposition:

(a) The producing party shall have the right to exclude from attendance at the deposition, during such time as the confidential information is to be discussed or disclosed, any person other than the deponent, the court reporter, and persons entitled to access to the confidential information.

(b) The portion of the deposition transcript reflecting confidential information shall be designated as "CONFIDENTIAL" at the request of the requesting counsel.

(c) If a request under subparagraph (b) is made on the record during the deposition, the reporter shall indicate on the cover page of the transcript that the transcript contains "CONFIDENTIAL" information and those portions of the transcript containing Confidential Information shall be marked by the reporter as "Confidential."

(d) Alternatively, a request under subparagraph (b) may be made in writing within five (5) business days after the requesting party receives a copy of the transcript if the requesting party orders the transcript at the time of the deposition. The request

shall contain a list of the numbers of the pages and lines of the transcript that are to be designated as containing "CONFIDENTIAL" information, and specific designations for each item or group of items on the list.

(e)     Any disagreements over confidentiality designations of deposition transcripts shall be resolved pursuant to paragraph C(4) above. Except where the filing of a transcript is necessary prior to the expiration of the five (5) day period, no deposition transcript will be disclosed to any person other than those listed in paragraph B(1) above until after the five day period for designation of such transcript has passed.

6.     *Inadvertent Production of Documents with "CONFIDENTIAL" Information.*

(a) If a party inadvertently produces a document containing "CONFIDENTIAL" information without marking or labeling it as such, or inadvertently discloses other information without designating it "CONFIDENTIAL",  the producing party shall have twenty-one (21) days from the date of production to designate the document as "CONFIDENTIAL" and to give the receiving party a copy of the document bearing the "CONFIDENTIAL" designation.

## D.     INADVERTENT PRODUCTION OF DOCUMENTS OR INFORMATION SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE OR WORK-PRODUCT IMMUNITY.

1.     *No Waiver by Disclosure.* The provisions of paragraph D of this Order are entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  Subject to the provisions of this Order, if the producing party discloses information in connection with the pending litigation that the producing party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Privileged Information"), by inadvertence or otherwise, the

disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the producing party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter.

2. *Notification Requirements; Best Efforts of Receiving Party*. If the producing party locates Privileged Information in discovery that the producing party produced, the producing party must promptly notify the receiving party or parties, in writing, that Privileged Information has been disclosed without a waiver by the disclosure. Upon such notification, the receiving party or parties must—unless they contest the claim of attorney-client privilege or work product protection in accordance with paragraph D(4)—promptly (i) notify the producing party that they will make best efforts to identify and return or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies they have and (ii) provide a certification that they will cease further review, dissemination, and use of the Privileged Information.

3. *Receiving Party's Discovery of Producing Party's Inadvertent Disclosure.* Upon discovery of any document(s) that meet(s) the definition of Privileged Information which has not been the subject of a demand pursuant to paragraph D(2) above, the receiving party shall immediately cease review of the document and provide written notification of the discovery to the producing party or parties.

4. *Contesting Claim of Privilege or Work Product Protection.* If the receiving party or parties contest the claim of attorney-client privilege or work product protection, then the producing party must—within fourteen (14) business days of receipt of the notice of disclosure—move the Court for an Order compelling the receiving party to return the alleged privileged information (a "Disclosure Motion"). The Disclosure Motion must be filed under seal.

Pending resolution of the Disclosure Motion, the receiving party or parties must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

5.      *Stipulated Time Periods*. The parties may stipulate to extend the time periods set forth in paragraphs D(2) and D(4) above.

7.      *Burden of Proving Privilege or Work-Product Protection*. The party claiming the application of attorney-client privilege or work product protection retains the burden—upon challenge pursuant to paragraph D(4) above, or notice pursuant to paragraph D(2) above—of establishing the privileged or protected nature of the Privileged Information.

8.      *In camera Review*. Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Privileged Information.

9.      *Voluntary and Subject Matter Waiver*. This Order does not preclude any party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply if a party uses or indicates that he or it may use information produced under this Order to support a claim or defense.

10.      *Rule 502(b)(2)*. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

**E.      FILING CONFIDENTIAL INFORMATION WITH THE COURT**

1.      *Filing under Seal*. No document containing information designated as "CONFIDENTIAL" shall be filed with this Court unless it is designated as such by the party and done in accordance with S.D. Ohio Civ. R. 5.2.1, which states in pertinent part:

> Unless permitted by statute, parties cannot file documents under seal without leave of the Court. Upon obtaining leave of the Court, litigants other than pro se litigants must file the documents electronically using the ECF system as provided in S.D.

> Ohio Civ. R. 5.1. … The Court may strike any document filed under seal if the filing party failed to obtain leave of Court.

The clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony designated as confidential that is so filed in this litigation.

2. *Use of Information in Court Proceedings*. The Parties understand that judicial proceedings are presumptively open to the public. As such, any party or non-party designating information as CONFIDENTIAL under this Order may apply for protection from the Court at any time. Nothing in this Order precludes any party or non-party from moving the Court for higher protection for the information, such as Attorneys-Eyes Only.

## F.   PROCEDURES AFTER TERMINATION OF THIS CASE

1. *Continuing Jurisdiction of the Court*. This Order shall survive the final conclusion of the action, and this Court retains jurisdiction of the parties hereto, and of any person who executes a copy of Exhibit A, indefinitely as to any dispute between any of them regarding improper use of information disclosed pursuant to this order.

2. *Return and destruction of documents*.

(a)   Except as set forth below, within 60 days of final termination of this action, including the exhaustion of all appeals, the attorneys of record for each receiving party shall return to each producing party or its attorneys of record, at the expense of the producing party, all documents (and copies thereof) and all materials (and any copies thereof) that have been furnished to it by the producing Party and that have been identified as "CONFIDENTIAL  pursuant to this Order. At the option of the producing party, such documents received by the receiving party may be destroyed in lieu of being returned to the producing party.

(b)     Notwithstanding subparagraph (a), the attorneys of record for a party may retain indefinitely copies of documents containing protected that have been submitted to the Court or cited to the Court in any proceeding in this case, provided that said archival copy is not used or disclosed, except (i) as permitted by this Order, (ii) by agreement of the producing party in question, or (iii) by further order of this Court. The copies may be in hard copy, electronic, magnetic, optical disk, or other form, or any combination thereof. By way of example and not of limitation, outside counsel may maintain, e.g., a set of pleadings, briefs, depositions, deposition exhibits and similar court papers; a set of trial exhibits, including those received in evidence; a copy of the record on appeal; a reasonable number of backup tapes containing Confidential Information in electronic form that had been maintained on law firm computer networks.

IT IS SO ORDERED.

Date: June 19, 2018                           /s/ Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              UNITED STATES MAGISTRATE JUDGE

**STIPULATED AND AGREED AS TO FORM AND CONTENT:**

/s/Matthew S. Zeiger (w/consent)              /s/Amy M. Johnston
Matthew S. Zeiger (0075117)                   Amy M. Johnston (0073189)
Counsel for Plaintiffs/Counter-Defendants     Counsel for Defendant/Counter-
                                              Plaintiff